UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHULLAH ALLAHYAR,<br><br>Plaintiff,<br><br>v.<br><br>DAMOM MOMAND,<br><br>Defendant. | Case No. 2:25-cv-01617-TLN-CSK PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 4) |

On August 18, 2025, the Court issued a minute order informing Plaintiff Rohullah Allahyar that the affidavit supporting his motion to proceed in forma pauperis ("IFP") was incomplete and did not contain all the information needed for the Court to determine whether the motion should be granted.[1] (ECF No. 3.) Plaintiff was ordered to file a complete affidavit responding to all questions as outlined in the August 18, 2025 minute order, within twenty-one (21) days. *Id.* Over twenty-one (21) days passed, and Plaintiff did not file the required affidavit. *See* Docket. On November 7, 2025, the Court ordered Plaintiff to file a complete affidavit supporting his motion to proceed IFP within fourteen (14) days. 11/7/2025 Minute Order. Plaintiff was warned that failure to comply with the Court's order will result in a recommendation that the case be dismissed for failure to

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

prosecute. Over fourteen days have passed, and Plaintiff has not filed a new complete affidavit. *See* Docket. Accordingly, the Court recommends dismissal of this action for failure to prosecute.

I.  **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):
   (1) the public's interest in expeditious resolution of litigation;
   (2) the court's need to manage its docket;
   (3) the risk of prejudice to the defendant(s);
   (4) the availability of less drastic alternatives; and
   (5) the public policy favoring disposition of cases on their merits.
*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

II.  **DISCUSSION**

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward.

In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff previously missed the deadline provided in an August 18, 2025 minute order to file an updated IFP application and was given another opportunity to file a complete application. 11/7/2025 Minute Order. Despite this, Plaintiff has failed to file an updated IFP application, or further participate in this litigation, leaving the Court with little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

**III.    CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's action be DISMISSED; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 15, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, alla.1617.25